LEONHARDT HILSENBECK, Respondent, *v.* JOHN M. GUHRING, Appellant.

*Court of Appeals, March 25, 1892.*

1. *Negligence. Landlord and tenant.*—The owner of a building, who occupies the lower floor and lets the upper stories for apartments, is not bound to keep the hallway lighted or platform cellar door on his floor locked, at the peril of becoming responsible for injuries to the tenants or their visitors from falling down the cellar stairs.
2. *Same.*—A guest of the tenant is entitled to the same amount of care, but to no more than that to which the tenant himself is entitled.

Appeal from judgment of the supreme court, general term, first department, affirming judgment in favor of plaintiff.

*Wm. J. Gaynor*, for appellant.

*Alfred Steckler*, for respondent.

PER CURIAM.—It seems to us that the plaintiff failed to make out a cause of action by showing either negligence on the part of the defendant or freedom from negligence contributing to the injury on his own part. As to the negligence of the defendant we cannot see upon what facts it can properly be based.

The door into the cellar was on this occasion unlocked, and there was no gas lighted in the hall. There is no allegation and no evidence that the way leading to the cellar was improperly constructed, even if that fact were pertinent. After opening the door one could walk along the platform two or three steps before coming to the head of the cellar

stairs, and so it could not be claimed that the top of the stairs was so close up to the door that one in the exercise of ordinary care would be apt to fall down the stairs upon the door being opened, and before he would have a fair or reasonable opportunity to notice what was in front of him.

The defendant was under no greater obligation to the plaintiff than if he occupied the position of tenant himself. The plaintiff was a guest of the tenant, and hence was entitled to the same amount of care that a tenant would be entitled to.

We cannot see that there was any obligation on the part of the defendant to keep the hallway lighted or to keep the cellar door locked at the peril of becoming responsible for an accident such as has happened in this case. We are of the opinion that the evidence fails to disclose the lack of reasonable care on the defendant's part in the attention given to these doors or to the lighting of the hallway. Assuming his liability for a failure to exercise the requisite care and attention in managing this part of the building so as to avoid the improper exposure of the tenants or their visitors to harm, yet we think it clear the facts do not establish such want of care, nor should a jury be permitted to draw an inference of negligence from the conceded facts. The defendant was no insurer of the safety of plaintiff, and the mere failure to light the gas and to keep the cellar door locked did not sustain the allegation of negligence. Again, on the plaintiff's part he was clearly guilty of negligence contributing to the injury. He says it was dark and after he got hold of the door in question it was so dark he could not see into the space in front of him. He had never been there before, and he had no information which might mislead him or cause him to think there was but one and that the door into the closet. He knew nothing about it, and in that state of ignorance he opens a door which he thought was the one leading to the closet, but it being dark he could not be certain, and notwithstanding the darkness he walks

ahead and while supposing himself in the closet steps to the head of the stairway and falls down the cellar stairs. In such case and in the darkness he should not have proceeded in a perfectly strange place without a light or in some way taking precautions which would have enabled him to proceed in safety. There is no presumption that a man can walk through all doors he comes to in such a house without looking and in safety, and hence if one do come to a door in a hallway under such circumstances as this case shows, he cannot walk through it in darkness and claim damages for the resulting injury.

The plaintiff has doubtless sustained a very severe injury, one of a permanent nature and one from which he has without doubt suffered great pain, but we do not think the injury he has sustained is one for which the defendant can be legally made liable, and hence the recovery in favor of the plaintiff cannot be sustained.

The judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except FINCH, J., absent.

---

### NOTE.

See also, Alperin *v.* Earle, 55 Hun, 221; Hilsenbeck *v.* Guhring, 60 Id. 584; Peil *v.* Reinhart, 127 N. Y. 381; Camp *v.* Wood, 76 Id. 92; McRickard *v.* Flint, 114 Id. 222; Tousey *v.* Roberts, Id. 312; Harris *v.* Perry, 89 Id. 308; Wolf *v.* Kilpatrick, 101 Id. 146; Edwards *v.* N. Y. & H. R. R. Co., 98 Id. 245; Miller *v.* Woodhead, 22 W. D. 58; Tousey *v.* Roberts, 53 Supr. 446; Neyer *v.* Miller, 51 Id. 516; note in 20 Abb. N. C. 330.